UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SAMUEL CORNISH,  11470-055,

                Petitioner,

      -vs-

UNITED STATES OF AMERICA,

                Respondent.

01-CR-225E
06-CV-0369E

MEMORANDUM

and

ORDER[1]

---

<u>INTRODUCTION</u>

On June 5, 2006, petitioner Samuel Cornish, proceeding *pro se*, filed the instant

petition[2] pursuant to 28 U.S.C.§2255, seeking to set aside, vacate or otherwise correct

his sentence (Dkt. #49)[3].  On July 25, 2006, respondent filed an Answer (Dkt. #52) to

the petition urging the Court to deny it on the basis that it is barred by petitioner's

waiver of his right to collaterally attack his sentence as part of his plea agreement

---

[1]This decision may be cited in whole or in any part.

[2]  While §2255 is often referred to as a habeas corpus provision, such characterization is technically incorrect because, rather than authorizing the granting of a writ, the statute provides for a federal court to consider a motion that is, in effect, a continuation of the underlying criminal proceeding. See 28 Moore's Federal Practice §672.02(2)(b) (3d Ed.1999).  Interchangeably, although prisoners file 'motions' rather than 'petitions' to initiate §2255 proceedings, their papers are generally referred to as petitions and the prisoners are referred to as petitioners.  In the interests of conformity and convenience, therefore, this Court will refer to Mr. Cornish as "petitioner", to the United States as "respondent" and to the motion as a petition.

[3]This matter is referenced as a civil matter at case no. 06-CV-0369E, but all documents relative thereto are filed and recorded with the underlying criminal case no. 01-CR-225E and all "Dkt." references herein refer to the documents entered in that criminal case.

and guilty plea in this case.  Petitioner filed a Reply (Dkt. #53) on August 16, 2006 and the matter was submitted to the Court for decision on that date.

## BACKGROUND

On June 14, 2004 petitioner pled guilty, in accordance with a written and executed plea agreement, to Count I of the indictment which charged him with possession with intent to distribute and distribution of 50 grams or more of cocaine base ("crack cocaine"), in violation of 21 United States Code Sections 841(a)(1) and 841(b)(1)(A).  On June 10, 2005, the Court sentenced Petitioner to 130 months imprisonment.  Petitioner did not appeal his sentence.

In the petition, petitioner claims, *inter alia*, that his plea was not knowing and voluntary.  In this regard, he argues that he was coerced into pleading guilty by counsel who told him that he could evade the mandatory minimum sentence upon the government's filing of a motion for downward departure from the United States Sentencing Commission Guidelines ("the Guidelines") based on his cooperation.  He states that counsel insisted that he would get the reduction; hence petitioner claims he was never aware that he would be sentenced to a term of over ten years because he simply answered the Court's questions as his counsel so instructed.  Respondent urges the Court to deny the petition on the ground that such is barred by petitioner's waiver of his right to appeal or collaterally attack the sentence in the plea agreement.

Other issues raised in the petition are that the government violated the terms of the plea agreement by refusing to file a downward departure motion, that the

Court failed to consider all of the required sentencing factors under 18 U.S.C.§3553(a),

that at sentencing the Court failed to ask petitioner if he had the chance to review the

presentence report or its addendum and his counsel did not review same with him,

and that his criminal history category was improperly enhanced.  In the event that

the petition is not barred by the waiver, respondent seeks an opportunity to address

these issues on the merits.

## DISCUSSION

28 U.S.C. § 2255 allows a convicted person held in federal custody to petition

the sentencing court to vacate, set aside or correct a sentence.  A properly filed

motion under §2255 must allege that (1) the sentence was imposed in violation of the

Constitution or laws of the United States, (2) the sentencing court was without

jurisdiction to impose such sentence, (3) the sentence was in excess of the maximum

authorized by law or (4) the sentence is otherwise subject to collateral attack.  In

sum, collateral relief under §2255 is intended "only for a constitutional error, a lack

of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a

fundamental defect which inherently results in a complete miscarriage of justice .'"

*United States* v. *Bokun*, 73 F.3d 8, 12 (2d Cir.1995) (*quoting Hill* v. *United States*, 368

U.S. 424, 428 (1962)).

The written plea agreement herein (Dkt. #38) begins with a separately signed

acknowledgment and waiver section wherein defendant expressly acknowledged

that he reviewed certain issues with his attorney, among which were the applicable

mandatory minimum penalties for the crime to which he was pleading guilty and the plea agreement provision waiving his right to appeal or collaterally attack the sentence imposed by the Court.  The body of the agreement, at paragraph one (1), contains a provision indicating that the crime to which petitioner agreed to plead guilty carries a mandatory minimum term of imprisonment of ten years and, at paragraph twelve (12), a statement that defendant understands that, notwithstanding the Guidelines calculation stipulated in the agreement, he is subject to the minimum (mandatory ten years) and maximum (life) penalties set forth in paragraph one.  It also contains a provision in which the petitioner agrees that, if he were sentenced within or below the Guideline range set forth in Section II of the agreement (108 to 135 months), he waives his right to appeal or collaterally attack the sentence.   As stated above, the Court sentenced petitioner to 130 months imprisonment, clearly within this stipulated range.

It is well settled that a defendant may waive his/her right to appeal a sentence in a plea agreement.  *See* 18 U.S.C.§3742(c); *United States* v. *Ready*, 82 F.3d 551, 555 (2d Cir. 1996); *United States* v. *Yametan*, 70 F.3d 746, 748 (2d Cir. 1995).  These waivers of appellate rights are valid and enforceable when they are entered into knowingly, intelligently and with the effective assistance of counsel, even when grounds for appeal arose after the plea agreement was executed.  *United States* v. *Monsalve*, 388 F.3d 71, 73 (2d Cir. 2004); *see also United States* v. *Rodriguez*, 416 F.3d 123, 128 - 129 (2d Cir. 2005)*; United States* v. *Hayes*, 412 F.3d 37, 38 (2d Cir. 2005)(per

curiam); *United States* v. *Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000); *Yametan*, 70 F.3d at 747 - 48. This enforceable waiver also applies when a defendant agrees to waive the right to collaterally attack his/her sentence, as is done with a motion pursuant to 28 U.S.C. §2255. *Garcia-Santos* v. *United States*, 273 F.3d 506, 509 (2d Cir. 2001).

The petition herein alleges that the plea was unknowingly and involuntarily given. The Court has reviewed the both the plea agreement and the plea proceedings and finds that the plea was intelligently and voluntarily given and that petitioner was effectively assisted by counsel throughout. During the plea proceedings, the Court reviewed the written plea agreement with petitioner. Petitioner agreed with and admitted to the factual basis for the charge to which he pled guilty. The mandatory minimum sentence is mentioned several times in the plea agreement and petitioner signed a separate acknowledgment that he reviewed this with his attorney. The agreement also clearly states that the sentencing range stipulated in the agreement was between 108 and 135 months imprisonment[4] and that petitioner specifically waived his right to file this petition if the Court sentenced him within this range. The Court reviewed this waiver provision with petitioner who acknowledged that he understood it, and that it applied even in the event that the

---

[4]The agreement also mentions a lower imprisonment range in the event that the government made a downward departure motion (as discussed, *infra*); however, this range is contained in Section V of the agreement and clearly is not the intended range upon which the parties agreed to waive their appellate rights.

Court were to reach the same conclusion (*i.e.,* a sentence within the stipulated range) by an analysis different from that which is contemplated in the agreement. (Dkt. #48, p. 3).  The Court also reviewed the conditions related to petitioner's cooperation under the agreement and the extent to which he may be entitled to a downward departure from the Guidelines, as will be addressed in more detail below.  Finally, just prior to asking for his plea, the Court reminded petitioner that he had a right to a trial and that he did not have to plead guilty.  Nevertheless, petitioner pled guilty as described above.  Further, at no time during the plea colloquy did petitioner ever indicate, through words or countenance, that he did not understand the Court, or the plea agreement or that he was dissatisfied with the services of his counsel.

Nowhere in the plea agreement, during the plea proceedings or at sentencing is it indicated that petitioner was in any way promised or guaranteed a sentence below the mandatory minimum term to which he now claims he is entitled.  At the time of the plea, the Court did discuss with petitioner the possibility of this downward departure motion and made it clear to petitioner, however, that it had no obligation or power to see that such motion was filed (Dkt. #48, p. 5).  Further, the plea agreement clearly states that the decision to make such a motion was within the sole discretion of the government.  On December 30, 2004, the government served Notice that it would not be moving for a downward departure because, as it alleged, petitioner had made false statements to an F.B.I. agent.  On March 25, 2005 petitioner's counsel made an application for recalculation of petitioner's criminal

history category and implementation of the downward departure because of the government's bad faith in refusing to make a motion for it.  At sentencing, the Court denied the application and proceeded to sentence petitioner.  Notwithstanding, the sentence imposed still fell with the range stipulated in the plea agreement.

Because the plea was knowing and voluntary and the sentence was within the range stipulated in the plea agreement, petitioner's waiver of his right to collaterally attack his sentence is enforceable and the instant §2255 petition is necessarily prohibited and must be dismissed.  *See United States* v. *Djelevic*, 161 F.3d 104, 106 (2d Cir. 1998) (petitioner who, in plea agreement, made knowing and voluntary waiver of his right to appeal a sentence within stipulated Guidelines range, could not appeal on grounds that counsel rendered ineffective assistance at sentencing); *see also United States* v. *Morgan*, 386 F.3d 376, 383 (2d Cir.2004) (declining to review the merits of a Sixth Amendment challenge to a sentence that fell within the range stipulated in a plea agreement waiver), *on reconsideration in light of Booker/Fanfan*,406 F.3d 135 (2005) (waiver also applies to challenges subsequent to the Supreme Court's ruling that the Guidelines are merely advisory); *United States* v. *Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000) (noting that waivers of appeal operate "even in circumstances where the sentence was conceivably imposed in an illegal fashion or in violation of the Guidelines, but yet $_{***}$ within the range contemplated in the plea agreement"); *see e.g. Masterana* v. *United States*, 2006 WL 328382 (W.D.N.Y. 2006) (Elfvin, J) (waiver enforceable, as sentence was below

stipulated range and plea/waiver was knowing and voluntary); *Carr* v. *United States*,

2004 WL 2202563 (W.D.N.Y. 2004) (Arcara, CJ) (Same. Petitioner cannot escape the

waiver provision by dressing up some claims as a Sixth Amendment violation of right

to effective assistance of counsel.).

Because the petition is barred, the remaining arguments in such petition are

also necessarily barred.  Therefore, based upon all of the above, it is hereby

**ORDERED** that petitioner's motion (Dkt. #49) is DENIED. The Clerk of the

Court is directed to take steps to close this case.

DATED:      Buffalo, N.Y.

June 1, 2007

/s/ John T. Elfvin
JOHN T. ELFVIN
S.U.S.D.J.